UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD L. TURNER,  No. C 05-2297 MHP (pr)

      Plaintiff,  **ORDER**

    v.

WARREN E. RUPF; et al.,

      Defendants.
                               /

      Edward Turner, currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning conditions of confinement at the Martinez Detention Facility, where he was incarcerated earlier. The second amended complaint, per the court's order, was limited to several medical care claims. Service of process was ordered on twenty-one defendants. The matter is now before the court for several miscellaneous matters.

A.    <u>Service of Process Problem</u>

      Defendants nurse Haynes and nurse Robinson have not been served with process. The Marshal unsuccessfully attempted to serve process on these two defendants at the Martinez Detention Facility, the only address provided by plaintiff. Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the court can have the U.S. Marshal serve process on a defendant, it is the plaintiff's responsibility to provide a current address for each defendant to be served. Plaintiff therefore must provide a current address for nurse Haynes and nurse Robinson so that each can be served with process. Plaintiff might, for example, write to the personnel office of the medical care provider at the jail to attempt to learn the

information, explaining that he needs the full name and current address for litigation purposes and stating the approximate date on which each of those defendants was employed on the medical staff at the jail, as well as any other information that might enable the personnel office to determine whether it has a current address for Haynes and/or Robinson. Plaintiff must provide to the court no later than **June 29, 2007** a service address for each of the two unserved defendants. If he does not provide an address for each, or the Marshal is unable to serve process on the defendants using the information plaintiff does provide, they will be will be dismissed without prejudice from this action.

B.   Default

Plaintiff's motion for default judgment against defendant deputy Canady is DENIED. (Docket # 37.) Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought after default has been entered against a defendant. See also New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); Lee v. Brotherhood of Maintenance of Way Employees, 139 F.R.D. 376, 380 (D. Minn. 1991). Plaintiff had not obtained entry of default before moving for default judgment. Canady has now filed an answer to the second amended complaint and no longer is in default, if ever he was.

All of the defendants (except unserved defendants Haynes and Robinson) on whom service of process was ordered have now appeared. There should not be any more motions for entry of default or for default judgments.

C.   Plaintiff's Request For Investigator

Plaintiff filed an ex parte motion for the court to appoint and provide funds for a private investigator to work on plaintiff's behalf in this action. The motion is DENIED. (Docket # 56.) The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See United States v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). Plaintiff has not shown any Congressional authority for the court to pay for an investigator for a plaintiff in a civil action.

2

1  An incarcerated pro se plaintiff may have great difficulty pursuing his action from prison, but
2  that does not mean that the court can or must fund his efforts. He must find a way to
3  prosecute his action within his financial means and consistent with his status as a prisoner.
4  D.     Discovery
5         Defense counsel filed a letter on February 2, 2007, in which he stated that Federal
6  Rule of Civil Procedure 26 precludes him from taking plaintiff's deposition. (Docket # 47.)
7  He does not explain what part of Rule 26 precludes the deposition. The court previously
8  ordered: "Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
9  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
10 required before the parties may conduct discovery." Order Of Service and Partial Dismissal,
11 p. 8. That gives the necessary permission for the defendants to depose the incarcerated
12 plaintiff. If there is another reason defense counsel thinks he cannot depose plaintiff, he
13 needs to file a motion for relief from that limit. (Initial case management conferences are not
14 held in prisoner cases.)
15        Plaintiff filed a request for admissions, request for production of documents and
16 interrogatories on October 23, 2006. (Docket # 14.) He should not have done so. The court
17 generally is not involved in the discovery process and only becomes involved when there is a
18 dispute between the parties about discovery responses. Discovery requests and responses
19 normally are exchanged between the parties without any copy sent to the court, and the
20 parties may agree to extensions of deadlines without need for a court order. See Fed. R. Civ.
21 P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until
22 they are used in the proceeding or the court orders otherwise). Only when the parties have a
23 discovery dispute that they cannot resolve among themselves should the parties even
24 consider asking the court to intervene in the discovery process. The court does not have
25 enough time or resources to oversee all discovery, and therefore requires that the parties
26 present to it only their very specific disagreements. And to promote the goal of addressing
27 only very specific disagreements (rather than becoming an overseer of all discovery), the
28 court requires that the parties meet and confer to try to resolve their disagreements before

3

seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37.

E.   Dispositive Motions

Generally, the court puts a briefing schedule for dispositive motions in the order of service in a prisoner civil rights case. Past experience has shown that prisoner cases without any deadlines languish without any progress. The court will allow time for needed discovery but generally tries to keep the cases moving toward resolution by motion, trial or settlement. This case is slightly different from most prisoner actions in that the prisoner-plaintiff is more active than many prisoner-plaintiffs and defendants are represented by private counsel. Nonetheless, deadlines will be set to move the case toward resolution.

A few general points about prisoner cases and dispositive motions: First, the dispositive motions in prisoner cases are deemed submitted on the papers and no hearing is held unless the court orders otherwise. No hearing date needs to be included on the moving papers. Second, prisoner cases are exempted from the e-filing program; paper documents must be filed and served. Third, there is what is known as the "prisoner mail-box rule" which provides that a document filed by a prisoner is deemed filed when he gives it to prison officials to mail to the court rather than when it is actually stamped "filed" at the courthouse. See Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004), cert. denied, 126 S. Ct. 351 (2005). Fourth, due to the difficulties of sending and receiving mail while in custody, as well as the limits on a prisoner's access to the law library, the court sets more generous briefing schedules than would otherwise exist in a civil action. Fifth, the case number ends with "(pr)" and that is part of the case number that should appear on all filings. Sixth, letters to the court are discouraged – if a party wants action from the court, the party should file a motion.

1.   Plaintiff's Motion For Partial Summary Judgment

Plaintiff has filed a motion for partial summary judgment against defendant Oliver. (Docket # 42, # 48.) The court now sets a briefing schedule on the motion: defendant must file and serve his opposition no later than **June 8, 2007**. Plaintiff must file and serve his reply brief, if any, no later than **July 6, 2007**.

4

2. <u>Defendants' Motion For Summary Judgment</u>

Defense counsel sent a letter to the court on November 30, 2006 indicating that he did not at that time believe the dispute could be resolved by summary judgment or other dispositive motion, although summary judgment might be appropriate at a future time. Accordingly, the court will set a new deadline for any dispositive motions by defendants to allow sufficient time for discovery, and with the caution that defendants should be ready to have a trial date set in short order if they do not need to file a dispositive motion:  Defendants must file and serve a motion for summary judgment or other dispositive motion no later than **August 10, 2007.**  Plaintiff must file and serve his opposition to the motion no later than **September 14, 2007**.  Defendants must file their reply brief, if any, no later than **October 5, 2007**.

IT IS SO ORDERED.

Dated: May 2, 2007                    _____
                                      Marilyn Hall Patel
                                      United States District Judge