UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD L. TURNER,                                    No. C 05-2297 MHP (pr)

        Plaintiff,                              **ORDER DISMISSING UNSERVED DEFENDANTS AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

        v.

WARREN E. RUPF; et al.,

        Defendants.

_____ /

A.      <u>Unserved Defendants</u>

       The court ordered plaintiff, Edward Turner, to provide current addresses for defendants Haynes and Robinson no later than June 29, 2007, so that each could be served with process.  The court also cautioned Turner that these defendants would be dismissed if he did not provide an address for each.  Turner did not provide an address for either defendant and the deadline by which to do so has passed.  Accordingly, defendant Haynes and defendant Robinson are dismissed without prejudice from this action.

B.      <u>Turner's Motion For Partial Summary Judgment</u>

       Turner moved for partial summary judgment, seeking judgment as a matter of law on his two Eighth Amendment claims asserted against defendant deputy Oliver.  Extended discussion of the motion is not necessary because Turner has fallen so far short of his burden to show his entitlement to judgment as a matter of law against deputy Oliver.

       On issues as to which the moving party bears the burden of proof at trial -- such as Turner does on his Eighth Amendment claims -- he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial.  <u>See</u> <u>Houghton v. Smith</u>, 965 F.2d 1532, 1536 (9th Cir. 1992); <u>cf.</u> <u>Calderone v. United States</u>, 799

**United States District Court**

For the Northern District of California

United States District Court
For the Northern District of California

1  F.2d 254, 259 (6th Cir. 1986) (when moving party has the burden (e.g., a plaintiff on his

2  claim for relief), "his showing must be sufficient for the court to hold that no reasonable trier

3  of fact could find other than for the moving party.'")  He must establish the absence of a

4  genuine issue of fact on each issue material to his claim. <u>Id.</u> at 1537.  Once the moving party

5  has come forward with this evidence, the burden shifts to the non-movant to set forth specific

6  facts showing the existence of a genuine issue of fact on the claim.

7         To establish his entitlement to summary judgment on each of his Eighth Amendment

8  claims, Turner had to prove that (1) he had a serious medical need or condition and (2) the

9  defendant acted with deliberate indifference to that need or condition.  <u>See</u> <u>McGuckin v.</u>

10 <u>Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX</u>

11 <u>Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison

12 official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

13 serious harm and disregards that risk by failing to take reasonable measures to abate it.  <u>See</u>

14 <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 844 (1994).

15        Turner's first claim against deputy Oliver alleged that, on or about February 13, 2003,

16 deputy Oliver and deputy Gray forced Turner to move up to the second floor of the jail, even

17 though they knew he had a knee problems and a brace on his leg that required him to be

18 housed on the first floor.  On his second trip, Turner fell down the stairs and had to be taken

19 to an outside hospital emergency room for care.  <u>See</u> Second Amended Complaint, ¶ 9.  In

20 support of his motion for summary judgment, Turner submitted his declaration in which he

21 stated that he had talked to deputy Oliver, as well as other custodial and medical staff about

22 his knee brace and need to remain on the first floor.  His evidence was quite lacking as to

23 deputy Oliver's mental state, however, and mostly consisted of conclusory statements that

24 deputy Oliver acted with various bad intentions.  Turner's evidence was not such that he

25 would have been entitled to judgment as a matter of law on this claim in that he provided no

26 evidence that he alerted Oliver to a particular risk of him falling down the stairs if he had to

27 climb the stairs in his knee brace.  Even if Turner had met his initial burden on summary

28 judgment, deputy Oliver's declaration submitted in opposition to the motion for summary

**United States District Court**
For the Northern District of California

1    judgment raised a triable issue of fact as to whether he acted with deliberate indifference.

2    Deputy Oliver stated that, although Turner claimed he could not climb the stairs to the

3    second level tier of cells, deputy Oliver "had previously seen plaintiff traverse the stairs on

4    numerous occasions to watch television" and "felt the reassignment could be handled safely."

5    Oliver Decl., ¶ 4.  Oliver also declared that he did not act for a malicious purpose but instead

6    reassigned Turner to a new cell consistent with jail protocol as there had been fighting among

7    several inmates earlier that day and the Sheriff's policy was to reassign inmates to different

8    cells following fights among the inmates.  Id. at ¶¶ 2, 4.  Oliver demonstrated the existence of

9    a triable issue of fact as to whether he acted with deliberate indifference to a known medical

10   need or condition.  Turner is not entitled to summary judgment on this claim against deputy

11   Oliver.

12        Turner's second claim against deputy Oliver alleged that, on February 22, 2003,

13   deputy Oliver tripped over Turner's outstretched leg while Turner was sitting in the day

14   room, causing great pain to Turner.  Oliver later laughed and joked about it to co-workers.

15   See Second Amended Complaint, ¶ 11.  Turner's declarations in support of his motion for

16   summary judgment stated that there were other ways deputy Oliver could have traversed the

17   room – implying that the existence of alternative routes of travel showed an intent to cause

18   harm by taking the route that led him to trip over Turner's leg.  Turner's evidence came

19   nowhere near to showing that the only reasonable conclusion that could be reached was that

20   deputy Oliver acted with deliberate indifference to Turner's knee problems.  A reasonable

21   trier of fact could find just as easily that deputy Oliver tripped over Turner's leg accidentally.

22   Turner's assertion that deputy Oliver laughed and joked about the matter after the fact is not

23   sufficient to support a finding as a matter of law that he acted with deliberate indifference

24   when he tripped.

25        Turner also argued that deputy Oliver used excessive force in each of these incidents.

26   The court had not identified either claim as an excessive force claim in the Order of Service

27   And Partial Dismissal; rather, the court had identified both claims as deliberate indifference

28   to medical needs claims.  An excessive force claim is more difficult to prove, as it requires

3

1  that the correctional officer apply force maliciously and sadistically for the very purpose of

2  causing harm.  See Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475

3  U.S. 312, 317 (1986)).  To the extent Turner was trying to add an excessive force claim, it

4  must be dismissed because physical force was not alleged to have been used on Turner by

5  Oliver in at least the first incident.  Moreover, while the allegations of the second amended

6  complaint, liberally construed, may have stated a claim that deputy Oliver acted with

7  deliberate indifference, they came nowhere near alleging the malicious and sadistic use of

8  force when he tripped over Turner's leg.

9          Turner's motion for summary judgment on his claims against deputy Oliver is

10 DENIED.  (Docket # 42, # 48.)

11         IT IS SO ORDERED.

12 Dated: July 17, 2007                                    _____

13                                                                 Marilyn Hall Patel
                                                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4