UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TURNER, | No. C 05-2297 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| WARREN E. RUPF; et al., | |
| Defendants. | |

On November 19, 2010, the court granted plaintiff's attorneys' request to withdraw as counsel for him. (Docket # 144.) Plaintiff is now proceeding pro se. In the same order, the court ordered plaintiff and defendants to file a case management conference ("CMC") statement on or before December 15, 2010 setting forth how each intended to proceed in this action. Defendants timely filed their CMC statement, but plaintiff did not.

After receiving the court's November 19, 2010 order, plaintiff sent a letter (Docket # 148) that, among other things, accused the undersigned of being biased and requested recusal. 28 U.S.C. § 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff's letter is not in the proper form because it is not made under penalty of perjury. Even if the letter was made under penalty of perjury, it is well-established that actions taken by a judge during the normal course of the proceedings are not a proper ground for disqualification. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the

proceedings because neither ground required recusal); <u>see also</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias). Plaintiff's assertions of bias stem from the order granting his attorney's request to withdraw, which is an action taken during the normal course of the proceedings and not a proper ground for disqualification. Accordingly the request for recusal is DENIED. (Docket # 148.) Plaintiff's request for a continuance, made in the same document, also is DENIED.

Plaintiff is cautioned that, because he is proceeding <u>pro se</u> now, he must comply with all the court's orders personally. Failure to comply with the court's orders may result in the dismissal of this action. <u>See</u> Fed. R. Civ. P. 41(b). As the case approaches the trial date, it is particularly important that plaintiff promptly and completely follow the instructions from the court. The first thing he needs to do is to file the CMC statement he failed to file by December 15, 2010.

Plaintiff must file his CMC statement no later than **January 28, 2011**. Failure to do so may result in the dismissal of this action or other lesser sanctions, such as issue or witness preclusion. <u>See</u> Fed. R. Civ. P. 11, 41(b). In his CMC statement, plaintiff should address all the same points addressed in defendants' CMC statement. One way to do this is for him to state whether he agrees with the statements in defendants' CMC statement. As to each statement he disagrees with, plaintiff should identify that statement (by referring to the page and line numbers in defendants' CMC statement), and should explain why he disagrees with defendants. The court is particularly interested in learning whether plaintiff wants to have this case scheduled for another settlement conference with a magistrate judge before the trial date  Plaintiff is cautioned that the CMC statement is not an appropriate place for him to argue the merits of his claims: the purpose of it is to aid the court in managing the case to move it toward resolution.

In addition to addressing the matters covered in defendants' CMC statement, plaintiff must specifically address the following matters in his CMC statement:

(1) Plaintiff stated in a letter to defense counsel that he was scheduled to have surgery

soon. In his CMC statement, plaintiff needs to provide the details about that surgery. Specifically, he should state (a) what the surgery is for, (b) the date on which the surgery is currently scheduled to occur, and (c) what the doctor has told him about the amount of recuperation time from such a surgery.

(2) Because the trial date is just three months away, plaintiff needs to plan for witness attendance at the trial. In his CMC statement, plaintiff must list his intended witnesses for trial. For each witness on his witness list, plaintiff must state briefly the testimony expected from that witness. One of the reasons for the witness list is that advance planning is necessary if witnesses need to be subpoenaed or, in the case of prisoner-witnesses, brought by writ of habeas corpus. The court will not issue writs or have subpoenas served unless plaintiff submits a proposed witness list in which he explains where each witness is located and what each witness is expected to testify about so that the court can determine whether each proposed witness is necessary and what needs to be done to bring him or her to the trial. Plaintiff is reminded that, for each non-prisoner witness who is not willing to show up voluntarily, plaintiff needs to subpoena the witness and must pay to that witness a witness fee of $40.00 and travel expenses. See 28 U.S.C. § 1821(b) & (c). Even though plaintiff is proceeding in forma pauperis, these fees generally cannot be waived by the court. Therefore, plaintiff needs to explain in his case management conference statement the arrangements he has made to pay the fees and expenses of his witnesses.

Defendants' indicated in their CMC statement that they wanted to take plaintiff's deposition. The court grants that request. Defendants may take the deposition of plaintiff, provided that the deposition is noticed and commenced no later than **February 10, 2011**.

IT IS SO ORDERED.

Dated: January 7, 2011

_____
Marilyn Hall Patel
United States District Judge