UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD L. TURNER,   　　　　　　　　　　　No. C 05-2297 MHP (pr)

　　　　　Plaintiff,   　　　　　　　　　　　**ORDER**

　　v.

WARREN E. RUPF; et al.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　／

　　　　Plaintiff filed an ex parte application "for an investigator and a legal-assistant, counsel for second chair [prosecution]." The application is DENIED. (Docket # 154.) Plaintiff is representing himself now that counsel has withdrawn from this action following plaintiff's efforts to sue counsel. (See Docket #s 141-144.) The court will not appoint another attorney from the very short list of volunteer attorneys to represent this plaintiff – whether the requested representation is as the attorney or a "second chair" attorney to help the pro se plaintiff.

　　　　Plaintiff's application for an investigator and legal assistant concerns funding, because a litigant who does not need funding does not need court permission to hire experts and investigators. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See United States v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). The requested expenditures are not authorized by the in forma pauperis statute, 28 U.S.C. § 1915, and therefore will not be advanced for plaintiff. Plaintiff remains free to make his own arrangements to compensate any person he has found to help him prosecute this action, but those arrangements will not be

publicly funded.  Section 1915 also does not authorize the district court to waive witness fees or expenses paid to the witnesses, see Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1992); Tedder, 890 F.2d at 211-12.  Therefore, plaintiff must make arrangements to pay witness fees and travel expenses for any witnesses he intends to call at trial.

IT IS SO ORDERED.

Dated: January 21, 2011

_____
Marilyn Hall Patel
United States District Judge

2